**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS,**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOHN DREXLER, individually and on behalf of all others similarly situated,** | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO. 07 C 6485** **JUDGE SHADUR** |
| **v.** | ) | |
| **CLARKE'S RESTAURANT, INC.,** | ) | **CLASS ACTION** |
| **Defendant.** | ) | **JURY DEMANDED** |

# ANSWER

NOW COMES Defendant, Clarke's Restaurant, Inc. ("Clarke's"), by its attorney, Kenneth A. Henry, and, for its Answer to the Complaint of Plaintiff, John Drexler, individually and on behalf of all others similarly situated ("Plaintiff"), states as follows:

1. This is a consumer class action based upon Defendant's violations of Section 1681c(g) of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, *as amended* (the "FCRA"). This section of the FCRA, like many others, was designed to combat the rampant increase of identity theft throughout the nation in recent years. Under the FCRA, companies that accept credit and debt cards are required to restrict the information they print on sales receipts. Such a practice, if followed, reduces an identity thief's ability to obtain valuable account information relating to a consumer. Despite the simple steps necessary to comply, and despite abundant notice, Defendant has simply chosen to ignore complying with the FCRA. As such, consumers who purchase goods and services from Defendant receive none of the benefits that Section 1681c(g) was designed to confer, and are uniformly burdened with an elevated risk of identity theft.

**ANSWER:** Clarke's admits that this Complaint purports to allege a consumer class action based upon Defendant's alleged violations of Section 1681c(g) of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, *as amended* (the "FCRA"), but denies that it engaged in any wrongdoing. Clarke's lacks knowledge or information sufficient to form a belief about the truth

of the allegations contained in sentences 2, 3 and 4. Clarke's denies the remaining allegations contained in paragraph 1 of the Complaint.

***Jurisdiction and Venue***

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681, 28 U.S.C. §§ 1331 and 1337.

**ANSWER:** Clarke's admits the allegations contained in paragraph 2 of the Complaint but denies that it engaged in any wrongdoing.

3. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

**ANSWER:** Clarke's admits the allegations contained in paragraph 3of the Complaint.

***Parties***

4. Plaintiff John Drexler is an individual who resides in this district.

**ANSWER:** Clarke's lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 4 of the Complaint.

5. Defendant is an Illinois corporation with its principal place of business in this district. Defendant conducts substantial business in this district and the transactions at issue took place in this district.

**ANSWER:** Clarke's admits that it is an Illinois corporation with its principal place of business in this district. Clarke's admits that it conducts business in this district and, on information and belief, admits that the transactions at issue took place in this district. Clarke's lacks knowledge or information sufficient to form a belief about the meaning of the word "substantial" contained in paragraph 5 of the Complaint.

## ***Factual Allegations***

### *A. Statutory Framework*

6. In 2003, the Fair and Accurate Credit Transactions Act ("FACTA") was enacted. One of FACTA's primary purposes was to amend the FCRA through the addition of identity theft protections for consumers.

**ANSWER:** Clarke's, on information and belief, admits the allegations contained in the first sentence of paragraph 6 of the Complaint. Clarke's lacks knowledge or information sufficient to form a belief about the remaining allegations contained in paragraph 6 of the Complaint.

7. One FACTA provision in particular was specifically designed to thwart identity thieves' ability to gain sensitive information regarding a consumer's credit or debit account from a receipt that the consumer discarded or lost. Codified at 15 U.S.C. §1681c(g), this provision provides as follows:

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

**ANSWER:** Clarke's lacks knowledge or information sufficient to form a belief about the allegations contained in sentence 1 of paragraph 7 of the Complaint. Clarke's admits that 15 U.S.C. §1681c(g) provides as stated, but denies that it engaged in any wrongdoing.

8. FACTA gave merchants who accept credit cards or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006.

**ANSWER:** Clarke's admits the allegations contained in paragraph 8 of the Complaint.

### *B. Defendant's Practices*

9. Notwithstanding that it had over three years to comply, Defendant continues to issue receipts at the point of sale or transaction that contain consumers' <u>entire</u> credit and debit card numbers and the expiration date of such credit and debit card numbers, in direct violation of FACTA.

**ANSWER:** Clarke's, on information and belief, denies the allegations contained in paragraph 9 of the Complaint.

10. Therefore, despite 15 U.S.C. §1681c(g), Defendant continues to deliberately, willfully, intentionally, recklessly and/or grossly negligently violate FACTA by issuing receipts that do not comply with the FCRA.

**ANSWER:** Clarke's denies the allegations contained in paragraph 10 of the Complaint.

11. Defendant's practice not only violates the law; it exacts harm by exposing consumers' sensitive account information and subjecting each affected consumer to an ongoing and elevated risk of becoming the victim of identity theft.

**ANSWER:** Clarke's denies the allegations contained in paragraph 11 of the Complaint.

### *C. Facts Related to Plaintiff*

12. On August 12, 2007, Plaintiff bought food at Defendant's restaurant, located at 2441 North Lincoln Avenue, Chicago, Illinois 60614. To pay for the food, Plaintiff used his Visa card. Following the transaction, Plaintiff received a receipt from Defendant on which his entire Visa card number and expiration date for that card were printed.

**ANSWER:** Clarke's admits that the address stated in paragraph 12 of the Complaint is correct. Clarke's lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 12 of the Complaint.

13. At all times pertinent hereto, Defendant was acting by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant.

**ANSWER:** Clarke's admits the allegations contained in paragraph 13 of the Complaint but denies that it engaged in any wrongdoing.

14. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants, and/or employees, were willful, reckless, and/or in grossly negligent disregard for federal law and the rights of Plaintiff.

**ANSWER:** Clarke's denies the allegations contained in paragraph 14 of the Complaint.

***Class Action Allegations***

15. Plaintiff brings this action individually and as a class action for Defendant's violation of Section 1681c(g) of the FCRA, pursuant to Rules 23(a) and (b) of the Federal Rules of Civil Procedure, on behalf of the following Class: All persons to whom Defendant provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring in Illinois after December 4, 2006, which receipt displayed more than the last five digits of the person's credit or debit card number.

**ANSWER:** Clarke's admits that Plaintiff purports to bring this action individually and as a class action as Plaintiff alleges in paragraph 15 of the Complaint but denies that it engaged in any wrongdoing.

16. The class is so numerous that joinder of all individual members in one action would be impracticable. On information and belief, there are more than 100 persons to whom Defendant provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring in Illinois after December 4, 2006, which receipt displayed more than the last five digits of the person's credit or debit card number.

**ANSWER:** Clarke's lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in sentence 1 of paragraph 16 of the Complaint. On information and belief, Clarke's admits that there are more than 100 persons to whom Clarke's provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring in Illinois after December 4, 2006, but denies the remaining allegations contained in paragraph 16 of the Complaint.

17. Plaintiff's claims are typical of the claims of the class members. All are based on the same legal theories and arise from the same unlawful and willful conduct.

**ANSWER:** Clarke's lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in sentence of paragraph 17 of the Complaint. Clarke's denies that it engaged in any wrongdoing.

18. There are common questions of law and fact affecting members of the class, which common questions predominate over questions that may affect individual members. These common questions include, but are not limited to:

a. Whether Defendant had a practice of providing customers with a sales or transaction receipt on which Defendant printed more than the last five digits of the credit or debit card; and

b. Whether Defendant thereby violated FACTA.

**ANSWER:** Clarke's lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 18 of the Complaint. Clarke's denies that it engaged in any wrongdoing.

19. Plaintiff will fairly and adequately represent the class members. Plaintiff has no interests that conflict with the interests of the class members. Plaintiff has retained counsel experienced in handling consumer class actions. Neither Plaintiff nor his counsel has any interest that might cause them not to pursue this claim vigorously.

**ANSWER:** Clarke's lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 19 of the Complaint.

20. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members that would establish incompatible standards of conduct for the parties opposing the Class.

**ANSWER:** Clarke's lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 20 of the Complaint.

21. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**ANSWER:** Clarke's lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 21 of the Complaint.

22. Whether Defendant failed to comply with 15 U.S.C. § 1681c(g) can be easily determined by a review of Defendant's policies and a ministerial inspection of its business records.

**ANSWER:** Clarke's lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 22 of the Complaint.

23. A class action is a superior method for the fair and efficient adjudication of this controversy. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims. Moreover, the identities of the Class members may be obtained from Defendant's records, rendering identification of the class something capable of ministerial review.

**ANSWER:** Clarke's lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 23 of the Complaint.

## ***Count I***

### ***Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681c(g), by Defendant Clarke's Restaurant, Inc., brought by Plaintiff, John Drexler, individually and on behalf of the Class***

24. Plaintiff incorporates paragraphs 1 through 23 as though fully stated herein.

**ANSWER:** Clarke's incorporates its answers to paragraphs 1 through 23 as though fully stated herein.

25. Title 15 U.S.C. § 1681c(g)(1) states:

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

This section applies to any "device that electronically prints receipts" (hereinafter "Devices") for point of sale transactions.

**ANSWER:** Clarke's admits the allegations contained in paragraph 25 of the Complaint but denies that it engaged in any wrongdoing.

26. With respect to machines that were first put into use after January 1, 2005, 15 U.S.C. § 1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. § 1681c(g)(1).

**ANSWER:** Clarke's admits the allegations contained in paragraph 26 of the Complaint but denies that it engaged in any wrongdoing.

27. With respect to machines that were in use before January 1, 2005, 15 U.S.C. § 1681c(g)(3)(B) required compliance with the provisions of 15 U.S.C. § 1681c(g)(1) on or after December 4, 2006.

**ANSWER:** Clarke's admits the allegations contained in paragraph 27 of the Complaint but denies that it engaged in any wrongdoing.

28. Defendant accepts credit cards and/or debit cards in the course of transacting business with persons such as Plaintiff and the class members. In the course of such business, Defendant employs the use of said Devices for point of sale transactions at Defendant's locations throughout the State of Illinois.

**ANSWER:** Clarke's admits the allegations contained in paragraph 28 of the Complaint but denies that it engaged in any wrongdoing. Clarke's denies that it has any locations other than the location identified by Plaintiff in his Complaint.

29. On or after December 4, 2006, at Defendant's establishment in Illinois, Plaintiff and the members of the Class were provided receipt(s) by Defendant that failed to comply with 15 U.S.C. § 1681c(g). For instance, Defendant failed to provide a receipt that complied with the provisions of 15 U.S.C. § 1681c(g) at Defendant's establishment located at 2441 North Lincoln Avenue, Chicago, Illinois 60614.

**ANSWER:** Clarke's, on information and belief, denies the allegations contained in paragraph 29 of the Complaint.

30. FACTA was enacted in 2003 and gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006.

**ANSWER:** Clarke's, on information and belief, admits the allegations contained in paragraph 30 of the Complaint.

31. Defendant was aware, on or before December 4, 2006, of 15 U.S.C. § 1681c(g) and the need to comply with said provision on or before December 4, 2006.

**ANSWER:** Clarke's denies the allegations contained in paragraph 31 of the Complaint.

32. On information and belief, in anticipation of the December 4, 2006 deadline, many credit card companies, including but not limited to Visa and MasterCard, advised companies of the need for compliance with 15 U.S.C. § 1681c(g). Additionally, many credit card companies, such as Visa and MasterCard, implemented policies well in advance of the December 4, 2006 deadline to ensure compliance with 15 U.S.C. § 1681c(g) by themselves as well as their customers.

**ANSWER:** Clarke's lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 32 of the Complaint. On information and belief, Clarke's does not recall receiving any such advice.

33. Also in anticipation of the December 4, 2006 deadline and the requirements of 15 U.S.C. § 1681c(g), the majority of Defendant's peers and competitors took the necessary steps to bring their business practices into compliance with FACTA.

**ANSWER:** Clarke's lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 33 of the Complaint.

34. Notwithstanding the: (1) three-year cushion to prepare for FACTA and its accompanying provisions; (2) knowledge of 15 U.S.C. § 1681c(g) and FACTA as a whole; (3) the repeated reminders of FACTA and its accompanying provisions; and (4) the actions of Defendant's peers and competitors, Defendant knowingly, willfully, recklessly, and/or grossly negligently violated and continues to violate the FCRA, 15 U.S.C. § 1681c(g). In turn, Plaintiff and the members of the Class continue to be exposed to an elevated risk of identity theft.

**ANSWER:** Clarke's denies the allegations contained in paragraph 34 of the Complaint.

35. As a result of Defendant's willful violations of the FCRA, Defendant is liable to Plaintiff and the members of the Class pursuant to 15 U.S.C. §1681n.

**ANSWER:** Clarke's denies the allegations contained in paragraph 35 of the Complaint.

WHEREFORE, Defendant, Clarke's Restaurant, Inc., prays for the entry of an order dismissing this case in its entirety, with prejudice, and for such other and further relief as this Court may deem just and proper.

**CLARKE'S RESTAURANT, INC., Defendant**

By: /s/ KENNETH A. HENRY, ESQ.
Kenneth A. Henry, Esq., its attorney

Kenneth A. Henry, Esq. (ARDC # 01193457)
Attorney for Defendant
One North LaSalle Street, Suite 2200
Chicago, Illinois 60602-3912
Tel: 312.857.0100/Fax: 312.857.1157
khenry@kahlaw.com