IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN DREXLER, individually and on Behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 07 C 6485 |
| v. | ) ) | Judge Shadur |
| CLARKE'S RESTAURANT, INC., | ) ) | Magistrate Keys |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES**

John Drexler ("Plaintiff"), by his attorneys, The Consumer Advocacy Center, P.C. and Markoff Law Firm, LLC, and pursuant to Fed. R. Civ. P. 37, moves this Court to compel Clarke's Restaurant, Inc. ("Defendant") to respond to interrogatories and requests to produce. In support of this motion, Plaintiff states as follows:

1.      On November 15, 2007, Plaintiff filed his Class Action Complaint ("Complaint") against Defendant alleging violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.* ("FCRA"), for Defendant's alleged providing of credit and debit card receipts that included cardholders' full card numbers.

2.      On March 6, 2008, Plaintiff served on Defendant his written discovery requests, which included interrogatories, requests to produce and requests for admissions of fact. A copy of Plaintiff's discovery requests is included herewith as **Exhibit A** and incorporated herein by reference.

3.      Defendant has not responded to Plaintiff's interrogatories or requests to produce and has repeatedly misrepresented when it will do so.

4.  Defendant's responses to Plaintiff's interrogatories and requests to produce were due by April 7, 2008.

5.  On April 7, 2008, Defendant requested of Plaintiff's counsel an additional 30 days (to May 7, 2008) to respond to Plaintiff's interrogatories and document requests, to which Plaintiff's counsel did not consent.

6.  Nonetheless, Defendant did not respond to Plaintiff's interrogatories and document requests by May 7, 2008.

7.  On May 1, 2008, the undersigned counsel and Defendant's counsel appeared for a status hearing before this Court, at which time Defendant's counsel represented to this Court that it would provide responses to Plaintiff's interrogatories and document requests "in the next few days."

8.  Defendant did not respond to Plaintiff's interrogatories and documents requests within a few days of May 1, 2008.

9.  On June 11, 2008, the undersigned counsel and Defendant's counsel again appeared for a status hearing before this Court, at which time Defendant's counsel advised this Court that he was meeting with his client the following day and expected to propose a settlement shortly thereafter or proceed with this case.

10. At that June 11, 2008 status hearing, the undersigned counsel requested that this Court impose a deadline for Defendant to respond to Plaintiff's interrogatories and document requests, but this Court refused to impose such a deadline, suggesting instead that resources would better be focused on settlement rather than responding to discovery.

11. Notwithstanding this Court's suggestion, Defendant did not propose a settlement or even communicate with Plaintiff's counsel following the June 11, 2008 status conference and did not respond to Plaintiff's discovery requests.

12. On June 19, 2008, the undersigned counsel sent an email to Defendant's counsel requesting discovery responses. See **Exhibit B** hereto, which is incorporated herein by reference.

13. On June 27, 2008, Plaintiff's counsel sent an email to Defendant's counsel requesting discovery responses. See **Exhibit C** hereto, which is incorporated herein by reference.

14. On July 3, 2008, the undersigned counsel spoke by telephone with Defendant's counsel about Defendant's failure to respond to discovery or propose a settlement, at which time Defendant's counsel advised that he was to meet with representatives of his client on July 7 or 8, 2008 and he would contact the undersigned counsel by July 8 or 9, 2008.

15. Defendant's counsel did not contact the undersigned counsel by July 8 or 9, 2008.

16. On July 9, 2008, the undersigned counsel sent an email to Defendant's counsel advising him that this motion to compel would be forthcoming. See **Exhibit D** hereto, which is incorporated herein by reference.

17. Defendant's counsel did not respond to the July 9 email and has not provided Defendant's discovery responses.

18. The undersigned certifies that he has in good faith conferred or attempted to confer with Defendant's counsel in an effort to obtain Defendant's discovery responses without court action.

19. On May 1, 2008 and June 11, 2008, the undersigned counsel met in person with Defendant's counsel, in open court and just subsequent to appearing before this Court, but after good faith attempts was unable to reach an accord on obtaining discovery responses from Defendant.

20. On July 3, 2008, the undersigned counsel met with Defendant's counsel by telephone, on information and belief in the afternoon, but after good faith attempts was unable to reach an accord on obtaining discovery responses from Defendant.

WHEREFORE, for the foregoing reasons, Plaintiff requests that this Court compel Defendant to answer Plaintiff's interrogatories and requests for production and grant such other relief as this Court deems proper.

                          JOHN DREXLER, Plaintiff,

                By:     s/ Paul F. Markoff
                        Paul F. Markoff, One Of His Attorneys

Dated: July 11, 2008

Lance A. Raphael
Stacy M. Bardo
Allison Krumhorn
The Consumer Advocacy Center, P.C.
180 W. Washington St., Ste. 700
Chicago, IL 60602
312.782.5808


Paul F. Markoff
Markoff Law Firm, LLC
180 W. Washington St., Ste. 700
Chicago, IL 60602
312.726.4162

4