Case 1:07-cv-06485 Document 18 Filed 07/03/2008 Page 1 of 6



**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN DREXLER, individually and on behalf of all others similarly situated, | ) | |
| Plaintiff, | ) | No. 07 C 6485 |
| v. | ) | |
| CLARKE'S RESTAURANT, INC., | ) | CLASS ACTION |
| Defendant. | ) | JURY DEMANDED |

**CONFIDENTIALITY STIPULATION**

When used in this Stipulation:

1. "Person" means any natural person, and any legal or business entity;

2. "Document" shall refer to the original or copies of any written, printed, typed, recorded or graphic matter whatsoever, however produced or reproduced;

3. "Party" or "Parties" shall mean and refer to any Party, Plaintiff and/or Defendant, in the above entitled actions;

4. "Attorneys for the Parties" shall mean any member or associate of a law firm or in-house counsel representing any Party in the above-entitled action and all paralegal and legal assistants working with such persons.

5. "Designating Party" shall mean the Party disclosing, furnishing or producing, whether directly or indirectly, "Confidential Information" and which has identified or seeks to identify such information as within the protective provisions of this Stipulation; and

6. "Confidential Information" shall mean or refer to any document, request for production response, interrogatory answer, or deposition testimony or exhibits, or any portion thereof designated as confidential by a Party and which contains (i) personal financial

information (including credit reports and credit applications), subject to privacy law protection, concerning Plaintiffs or any putative class member or (ii) financial information (including credit reports, credit applications, tax returns, financial reports and profit and loss statements) of Defendant, its officers, directors and shareholders or (iii) proprietary information (including internal operating manuals and underwriting formulas or guidelines) concerning Defendant's business operations which are maintained as confidential and not available to the public or Defendant's competitors. This provision shall specifically exclude entire pleadings and briefs, as discussed in paragraph 9 below, under *Pepsico, Inc. v. Redmond*, 46 F.3d 29 (7th Cir. 1995).

7. A Party may designate any document, interrogatory answer, request for production response, or response to request for admission, produced pursuant to or in connection with discovery in this matter, or any portion thereof, which contains exclusively Confidential Information (as that term is defined above) by typing, stamping or affixing on its face (in such manner as will not interfere with the legibility thereof) the word "Confidential" either prior to, contemporaneous with, or within 20 days after production. Until 20 days after production, such documents shall be treated as confidential.

8. Any document, interrogatory answer, request for production response, deposition transcript, or response to request for admission, which contains some Confidential Information (as that term is defined above), may have protectable portions of the documents redacted but the entire document may not be deemed "Confidential." *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999).

9. Public pleadings and briefs must be filed with the Clerk of Court but sealed supplements may be filed as necessary to discuss in detail the materials subject to this confidentiality stipulation; provided, however, that no filing under seal, or any other designation

as a restricted document, is to be permitted without previously-obtained court approval. *See Citizens*, 178 F.3d 943.

10. Within 63 days of this case being closed in the District Court, the Parties may move for the return of previously-sealed or previously-restricted documents. If no Party moves for such return, such documents will become part of the public case file.

11. Except with prior written consent of counsel for the Party that produced such Confidential Information or with a prior Order of Court, Confidential Information and any copies thereof shall be disclosed only to qualified persons. Qualified persons are limited to:

a. Attorneys for the Parties, a Deponent and, as to Non-Party Deponents, the attorney for said Deponent;

b. Non-technical and clerical staff employed by Attorneys for the Parties in connection with the preparation for and trial of this action;

c. Independent personnel retained or consulted by counsel to furnish technical, investigative or other expert services or advice or to give expert testimony;

d. Officers of and personnel employed by a Party, where needed for the preparation for and trial of this action;

e. The court, and

f. Persons seeking pursuant to court process and/or subpoena.

12. No Confidential Information received by a Party in this lawsuit may be given to any person or entity not described in Paragraphs 3 and 11 without the specific written consent of the designating Party.

13. Counsel for the designating Party may designate a deposition transcript or exhibit, or any part of a deposition transcript or exhibit, as confidential either (i) at the time of the deposition by making a statement for inclusion in the deposition transcript or (ii) within twenty

(20) days after receipt of the deposition transcript, by so notifying counsel for each other Party in writing. During the period between the deposition testimony and the time when the twenty-day (20) period after receipt of the transcript has run, all deposition transcripts and all exhibits marked for identification therein shall be treated as confidential in the manner provided for in this Stipulation.

14. For the purpose of this agreement, within four years following final termination of this action, including any appeals, all materials designated as constituting or containing confidential information (except pleadings) shall be destroyed. The above date of destruction of confidential information shall apply unless the statute of repose for legal malpractice is changed. If the statute of repose for legal malpractice is changed, the date of destruction shall correspond to the statute of repose for legal malpractice.

15. Any Party or any interested member of the public may request a change in the designation of any Confidential Information. Such request shall be in writing, stating the grounds therefore, and served by facsimile or mail on counsel for the designating Party. In the event that the Parties, or the member of the public and the Party, cannot in good faith resolve their differences by agreement, the Party who designated the materials as "Confidential" shall within 30 days of the date the request to change the designation was made, bring the matter to the attention of the Court by appropriate motion and move to maintain the Confidential status of the material or such confidential designation shall be deemed waived. The proper designation of the challenged Confidential Information shall be determined by reference to the same standard and burden as would have applied had the Party producing the document moved for a Protective Order pursuant to F.R.C.P. 26(c). A failure to challenge the propriety of a designation of confidentiality at the time the designation is made shall not preclude or detract from a subsequent

challenge thereto.

Dated: June _____, 2008

By: ____________________________
One of Plaintiffs' Attorneys

Dated: ~~June~~ July 3, 2008

By: ____________________________
One of Defendant's Attorneys

ENTER: ____________________________
United States Judge
July 10, 2008

challenge thereto.

Dated: ~~June~~ July 3, 2008

By: ______________________
One of Plaintiffs' Attorneys

Dated: June _____, 2008

By: ______________________
One of Defendant's Attorneys

ENTER: ______________________
United States Judge
July 10, 2008