IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN DREXLER, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 07 C 6485 |
| | ) | JUDGE SHADUR |
| v. | ) ) | |
| CLARKE'S RESTAURANT, INC., | ) ) | CLASS ACTION |
| Defendant. | ) | JURY DEMANDED |

### CLARKE'S RESPONSE TO DREXLER'S MOTION FOR SANCTIONS

Now comes Clarke's Restaurant, Inc. ("Clarke's"), by its attorney, Kenneth A. Henry, and, for its response in opposition to Drexler's Motion for Sanctions, states as follows:

**BACKGROUND**

Plaintiff Drexler is seeking to bring this case as a consumer class action based upon Defendant's alleged violations of Section 1681c(g) of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, *as amended* (the "FCRA"), which provisions are commonly known as "FACTA." Clarke's Restaurant, Inc. ("Clarke's") is a single, freestanding restaurant and sports bar located on the near north side of Chicago. It has sought, since the very beginning of this case, and even before counsel appeared on behalf of Clarke's in this action, to attempt to resolve this case in a cost effective fashion. In that regard, this Court has given the parties a fair amount of latitude, including allowing Clarke's time to attempt to secure insurance coverage and, as a result, representation, which attempt has thus far failed.

Inasmuch as, admittedly, little progress was made in those settlement efforts, Plaintiff proceeded to serve his discovery requests directly on Clarke's (which did not have an attorney of record in this case at that time) and then, ultimately, to pursue responses to its discovery requests. Clarke's Answers to Plaintiff's Requests for Admissions were timely served on Plaintiff. However, Clarke's responses to Plaintiff's other discovery requests were slower in coming. As a result, on July 17, 2008, Plaintiff presented its Motion to Compel. Based upon Clarke's good faith representations that it would respond to Drexler's outstanding discovery on or before July 28, 2008,

and Plaintiff being amneable to that date, this Court, on July 17, 2008, entered an order entering and continuing Plaintiff's Motion to Compel but ordering that Clarke's discovery responses were due on or before July 28, 2008.

On July 29, 2008, having not received the discovery responses, and despite Clarke's counsel having left a voicemail for Drexler's counsel on that same day that the discovery responses would be late[1], Drexler filed a Motion to Compel. Ultimately, for reasons that will be expanded upon below, Clarke's did not respond to the discovery until July 31, 2008, three (3) days after the date set by the Court pursuant to the agreement of the parties, when it sent its discovery responses to Plaintiff's counsels by email, with hard copies delivered to Plaintiff's counsels the following morning. Despite receiving those responses a mere three (3) days late, Drexler is seeking sanctions pursuant to Fed.R.Civ.P. 37(b)(2)(A) and (C). For the reasons stated below, Clarke's does not believe that sanctions are warranted.

**ARGUMENT**

It is well recognized that District Courts have broad discretion in deciding whether a violation of the rules of discovery warrants the imposition of sanctions, including those sanctions listed in Fed.R.Civ.P. 37(b)(2)(A). *Matei v. Cessna Aircraft Co.*, 35 F.3d 1142, 1147 (7th Cir. 1994); *Crown Life Ins. Co. v Craig,* 995 F.2d 1376, 1383 (7th Cir.1993). Such sanctions provide the District Courts with an effective means of ensuring that litigants will comply with discovery orders. *Melendez v Illinois Bell Telephone Co.*, 79 F.3d 661, 670 (7th Cir. 1996). Yet, although District Courts are not required to impose the least severe sanction, if the District Court decides to impose a sanction it may "only impose sanctions that are "just," that is, proportionate to the circumstances surrounding a party's failure to comply with discovery rules." *Melendez,* at 671-672; *Salgado By Salgado v. General Motors Corp.,* 150 F.3d 735, 735 ( "the sanction selected must be one that a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction."). Less discretionary, but still not absolute, is the awarding of reasonable expenses, including attorney's fees, caused by the failure to obey the court's order, "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(b)(2)(C).

---

[1] So as not to mislead the Court, Clarke's counsel is not certain whether the voicemail was left before or after he received the Plaintiff's Motion to Compel.

In the instant case, Clarke's, a small and not especially profitable[2] business, has been seeking to resolve this case since day one. In that regard, Clarke's requested from Plaintiff, as early as November 30, 2007, a copy of the credit card receipt that forms the basis of Plaintiff's claim. Clarke's made this informal request in the interest of attempting to investigate the exact claim being made by Plaintiff at an early stage of the litigation and before a substantial almount of time, energy, effort and money had been devoted to this case. The purpose of this request was to allow Clarke's (which, to the best of its knowledge and the knowledge of its credit card processor, has been in compliance with FACTA at all relevant times) to attempt to determine whether there might be some logical explanation for the receipt in question, compliant with FACTA or not. Yet, this request was repeatedly refused by Plaintiff, despite Clarke's counsel's assurance of confidentiality, under the guise of confidentiality. The repeated denial of its request was especially confusing insamuch as, under FACTA, a merchant such as Clarke's is allowed to retain the receipts with all of the purchaser's information, not just the truncated information which, pursuant to FACTA, is allowed on the customer's copy of the receipt. Indeed, Clarke's theoretically already had the information that was contained on the receipt that Plaintiff was declining to informally produce. Facing a potential class action, a draconian development for any defendant let alone a small business such as Clarke's, an early investigation was critical.

Ultimately a copy of the receipt was provided by Plaintiff to Clarke's, a copy of which is attached hereto[3]. Upon first view of the receipt, and despite the fact that Clarke's credit card processor insisted that, with Clarke's credit card processing machine and the software that was installed on it, it was not possible for Clarke's machine to print a customer's copy of the recipt with anything other than the truncated information allowed by FACTA, it appeared that Plaintiff might be correct. However, something about the receipt did not seem quite right. It was during the time period after the Court set the discovery compliance date - during which time documents were produced to and reviewed by Clarke's and its counsel - that the potential discrepancy was discovered-Plaintiff's receipt appeared to be the merchant's copy and not the customer's copy.

This discovery set into motion contact with Clarke's credit card processor. The credit card

---

[2] It should also be noted that, when Clarke's counsel represented to Plaintiff's counsel that Clarke's was not particularly "flush" with money that would allow it to pay a large sum in settlement let alone to finance litigation, and Plaintiff's counsel requested supporting documentation for that representation, Clarke's financial information for the past several years was provided, without a formal request, to Plaintiff's counsel.
[3] In that regard, Clarke's is still interested in viewing the original receipt, which may be more revealing than the copy that was provided.

3

processor confirmed that Plaintiff's receipt indeed had to be the merchant's copy and not the customer's copy. As a result, and in order to be as complete as possible in responding to Plaintiff's discovery requests, Clarke's sought and obtained an affidavit from the credit card processor confirming, *inter alia*, that the receipt in question was the merchant's copy and not the customer's copy. Unfortunately, Clarke's did not receive the original of this affidavit-which was signed on July 30, 2008 and sent by overnight delivery to Clarke's counsel (a copy of which is attached)- until July 31, 2008. Clarke's immediately attached the affidavit to its discovery responses and emailed the responses to Plaintiff's counsels, with the originally executed copies delivered by messenger the following morning.

In light of the above, Clarke's does not believe that any sanctions are warranted. Clarke's has not refused to comply with the rules of discovery or with this Court's orders. It was merely three (3) days late as the result of what Clarke's believes to be its discovery of a critical fact in this case, as was arguably recognized by this Court when it stayed the subpoenas issued by Plaintiff to, among others, Clarke's credit card processor. Although it is undeniable that it was three (3) days late in complying with the Court's orders, this failure was substantially justified by the circumstances. Furthermore, Plaintiff has suffered no prejudice and indeed may save itself some energy and effort as a result of Clarke's *de minimis* delay.

## **CONCLUSION**

In light of the aforesaid, Clarke's prays that no sanctions be imposed for its justifiable three (3) day delay in serving its discovery responses on Plaintiff.

                                              Respectfully submitted,

                                              **CLARKE'S RESTAURANT, INC., DEFENDANT**

                                              By:    /s/ KENNETH A. HENRY, ESQ.
                                              Kenneth A. Henry, its atorney

Kenneth A. Henry, Esq. (ARDC # 01193457)
Attorney for Defendant
One North LaSalle Street, Suite 2200
Chicago, Illinois 60602-3912
Tel: 312.857.0100/Fax: 312.857.1157
khenry@kahlaw.com

4